UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

____

| | | |
|---|---|---|
| MONTEZ KENNEDY #237216, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:08-cv-197 |
| | ) | |
| v. | ) | HON. ROBERT HOLMES BELL |
| | ) | |
| M. BONEVELLE, et al., | ) | **OPINION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.       Factual allegations

Plaintiff Montez Kennedy #237216, a state prisoner currently confined to the Alger Maximum Correctional Facility (LMF), filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Hearings Investigator M. Bonevelle, Warden David Bergh, Sergeant T. Lee, Hearing Officer L. Maki, and Hearings Assistant Matthew D. Young. Plaintiff alleges in his complaint that he was transferred to LMF on December 8, 2006. Plaintiff was placed in Cedar Segregation Unit on December 9, 2008. Plaintiff states that he immediately noticed several violations of MDOC policy by staff and requested that the violations be discontinued. On December 15, 2006, Plaintiff complained about the manner food was being handled because he felt that it constituted a health risk. On December 27, 2006, Plaintiff filed a letter of complaint regarding the review of his administrative segregation placement with the Assistant Deputy Warden. Plaintiff filed a second complaint regarding his administrative segregation placement with the Assistant Deputy Warden on January 8, 2007.

On January 9, 2007, Plaintiff filed a complaint that his personal mail had not been sent out. Plaintiff states that staff subsequently began threatening to take Plaintiff's legal property if he did not stop filing complaints. Therefore, Plaintiff wrote to Assistant Resident Unit Supervisor Thomas Salo and requested an excess legal property pack up and hearing so that he could document all of his legal materials. Plaintiff's request was denied on January 10, 2007. Plaintiff filed a "CSJ-247-A" on Assistant Resident Unit Supervisor Salo in order to compel the pack up and hearing.

Plaintiff subsequently filed several letters of complaint regarding his administrative segregation placement, the handling of his personal property and mail, the denial of winter boots,

as well as other alleged policy violations. As a result, Defendant Bergh sent the Deputy Warden into Cedar Unit and took corrective action against staff causing staff in Cedar Unit to become further enraged against Plaintiff. On January 25, 2007, Assistant Resident Unit Supervisor Salo had two second shift officers bring Plaintiff down to his office for a meeting, in which he requested that Plaintiff would write to him before he wrote to the administration. Thereafter, Plaintiff filed several letters of complaint with Assistant Resident Unit Supervisor Salo.

On or about February 12, 2007, Plaintiff was ordered to pack up for an excess legal property hearing and was given legal hearing instructions. Plaintiff prepared a list of pending cases and necessary legal materials on February 13, 2007. However, while Plaintiff was in the yard, Defendant Bonevelle entered his cell and left a Notice of Hearing on Plaintiff's desk which was erroneously time stamped as 9:19 a.m. Defendant Bonevelle failed to return to Plaintiff's cell to interview him. Plaintiff's hearing was adjourned on February 15, 2007, and February 16, 2007, during which Plaintiff told Defendant Maki that he had never been interviewed. Therefore, Plaintiff was denied the ability to present evidence on his own behalf. Consequently, Plaintiff was deprived of numerous legal documents, including drafts of complaints to be submitted, copies of grievances, and detailed factual accounts including dates and names of the involved parties. Plaintiff claims that this prevented him from filing contemplated civil rights actions entitled *Kennedy v. Smith, et al.*, *Kennedy v. Christiansen, et al.*, and *Kennedy v. Visser, et al.*

Plaintiff claims that at the time his hearing was adjourned, he had one duffel bag of legal property with him and three out in the hallway. Plaintiff asked Defendant Maki to have all four of the bags sealed, but Defendant Maki refused his request. Plaintiff then asked Defendant Lee to seal the bags, but he also refused. Plaintiff was not allowed to check the seal to see of the number

matched the number on the contraband removal slip. Nor did Defendant Lee allow Plaintiff to sign the contraband removal slip. On February 22, 2007, Defendant Lee allowed staff to go through Plaintiff's legal property. After the hearing, Plaintiff went through the legal property that he had been allowed to keep and discovered that numerous papers were missing. Included in the missing property was a complaint and related grievances in *Kennedy v. Luoma, et al*. and in *Kennedy v. Miller, et al.*, as well as all court correspondence in *Kennedy v. Barnes* and *In re Barnes*. Plaintiff also states that he is missing the trial transcripts and court files in his criminal case *People v. Kennedy*, 93-12987-01. Plaintiff states that the missing legal property is preventing him from pursuing his civil and criminal actions in court.

Plaintiff filed a letter of complaint with Defendant Bergh regarding the fact that he was not allowed to properly present evidence at this excess legal materials hearing, which resulted in the deprivation of his legal materials. Plaintiff claims that Defendant Bergh failed to submit a request for rehearing on his behalf.

Plaintiff also alleges that on February 20, 2007, he was given a Security Classification Committee interview and was asked about his litigation activities. Plaintiff claims that there was a retaliatory reference to Plaintiff's complaints on the review form. Plaintiff contends that Defendants violated his rights under the First, Eighth and Fourteenth Amendments. Plaintiff seeks damages and equitable relief.

II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff states that Defendants' conduct in seizing his legal property constituted a denial of his right to access the courts. In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. While the right of access to the courts does not allow a State to prevent an inmate from bringing a grievance to court, it also does not require the State to enable a prisoner to discover grievances or litigate effectively. *Lewis v. Casey*, 518 U.S. 343 (1996). Thus, *Bounds* did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance. *Id.* at 351 (1996). Further, the right may be limited by legitimate penological goals, such as maintaining security and preventing fire or sanitation hazards. *See Acord v. Brown*, No. 91-1865, 1992 WL 58975 (6th Cir. March 26, 1992); *Hadix v. Johnson*, No. 86-1701, 1988 WL 24204 (6th Cir. March 17, 1988); *Wagner v. Rees*, No. 85-5637, 1985 WL 14025 (6th Cir. Nov. 8, 1985).

To state a claim, an inmate must show that any shortcomings in the library, litigation tools, or legal assistance caused actual injury in his pursuit of a legal claim. *Lewis*, 518 U.S. at 351; *Talley-Bey*, 168 F.3d at 886; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced.

*Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). Particularly, an inmate cannot show injury when he still has access to his legal materials by request, *Kensu*, 87 F.3d at 175, when he fails to state how he is unable to replicate the confiscated documents, *Vandiver*, 1994 WL 677685, at *1, or when he could have received the material by complying with the limits on property, e.g., where he had the opportunity to select the items that he wanted to keep in his cell, or when he had an opportunity to purchase a new footlocker that could hold the property. *Carlton v. Fassbender*, No. 93-1116, 1993 WL 241459, at *2 (6th Cir. July 1, 1993). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In this case, Plaintiff claims that he was never interviewed prior to his excess property hearing and that he was deprived of drafts of complaints to be submitted, copies of grievances, and detailed factual accounts including dates and names of the involved parties which prevented him from filing contemplated legal actions. However, Plaintiff fails to explain why he is unable to replicate the above documents. Plaintiff also claims that he is missing the trial transcripts from his criminal case *People v. Kennedy*, 93-12987-01. However, Plaintiff fails to state why he cannot obtain new copies of his transcripts. Nor does he state how this loss prejudiced a non-frivolous appeal or post-conviction proceeding challenging this 1993 conviction. Therefore, the court concludes that Plaintiff's access to courts claims are properly dismissed.

Plaintiff also claims that Defendants' conduct was motivated by a desire to retaliate against him for filing grievances and complaints. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394

(6th Cir.1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The adverseness inquiry is an objective one, and does not depend on how a particular plaintiff reacted.  The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness;" the plaintiff need not show actual deterrence.  *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002).  In this case, as noted above, Plaintiff fails to show that he was actual injured in his ability to access the courts.  The seizure of some of his voluminous legal material is not sufficiently adverse to deter a person of ordinary firmness from filing grievances.  Therefore, the court will dismiss Plaintiff's retaliation claims.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the court dismisses the action, the court discerns no

good-faith basis for an appeal.  Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: <u>January 5, 2009</u>  /s/ Robert Holmes Bell                     
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE